Case 3:15-cv-02891-M-BF Document 8 Filed 11/17/15 Page 1 of 6 PageID 36

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 17 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MELVIN WIAND, )
    Plaintiff, )
v. ) No. 3:15-CV-2891-M
)
EDDY MEJIA, ET AL., )
    Defendants. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff is a federal prisoner confined in the Federal Correctional Institution (FCI) - Seagoville in Seagoville, Texas. He filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Defendants are Warden Eddy Mejia, Health Services Administrator Ms. Hunter, Health Services Assistant Administrator Ms. Graham, URC Utilization Review Committee, Dr. W. Resto, Dr. A. Duckworth, Dr. Elfarr, Dr. McMahan, Physician Assistant Bosamma Thomas, Nurse Monica Gifford, Nurse Marquita Humphrey, Parkland Hospital (Parkland), Dallas Regional Hospital (Dallas Regional), Kaufman Hospital, and Bureau of Prisons (BOP) insurance provider Integrated Medical Solutions.

**Findings and Conclusions of the**
**United States Magistrate Judge**      Page -1-

Plaintiff claims the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to adequately treat him for a urology condition. He seeks an order requiring Defendants to immediately schedule him for surgery.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

## III. Discussion

### A. Integrated Medical Solutions

Although Plaintiff names the BOP's insurance carrier, Integrated Medical Solutions, as a Defendant. He has alleged no facts against this Defendant. Plaintiff's claims against this Defendant should be dismissed.

### B. Medical Claims

Plaintiff claims Defendants failed to adequately treat his urology condition. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff states that on August 9, 2014, prison officials transported him to Dallas Regional Hospital for an infection in his urethra. He states Dallas Regional did not have an urologist, so on August 10, 2014, he was transferred to Parkland Hospital. He was treated at Parkland and was given antibiotics and a catheter was inserted.

Plaintiff states that when he returned to the prison from Parkland, Dr. Resto prescribed Tylenol 3 for pain, but this medicine was too strong. Plaintiff states he was then prescribed

Oxycodine and "that worked good." (Pet. Mem. at 1.)

Plaintiff also states that when he returned from Parkland, he passed out at the prison. He claims Nurse Humphrey stated "my shift is over" and instead of treating him she instructed guards to take Plaintiff to the medical building for treatment.

Plaintiff states he was seen again at Parkland on December 30, 2014, and was prescribed antibiotics and released back to prison. He states that on January 7, 2015, he went to a prison sick call because of a skin infection. He claims Physician Assistant Bosamma Thomas told him that since he had just returned from Parkland and was prescribed antibiotics, she was not going to treat him. Plaintiff claims he informed Dr. Resto that he was seeking treatment for a different infection that was on his skin, rather than his urethra infection. He states Dr. Resto instructed Physician Assistant Bosamma Thomas to treat him.

Plaintiff states that he was scheduled for surgery at the end of March, 2015, but this surgery was cancelled without explanation. He states he had an appointment at Parkland Hospital on July 31, 2015, and a doctor told him he needed surgery "with no timetable" given. (Pet. at 2.) He states that on August 15, 2015, he was approved for another urology appointment.

Plaintiff also states prison officials did not change his catheter every thirty days, so he complained to Warden Mejia. Plaintiff states Warden Mejia "resolved the problem with instructions to Medical staff to change my catheter." (Pet. Mem. at 2.) He states Doctors Elfarr and McMahan from Kaufman Hospital failed to contact a specialist to treat him and that the doctors released him back to prison. Finally, he states Physician Assistant Thomas wrote in his records that he has a history of noncompliance with medical instructions and not taking his

antibiotics as prescribed. Plaintiff states this is untrue.

Plaintiff has failed to show that Defendants were deliberately indifferent to his serious medical needs. Although he states he believes surgery "should occur as soon as possible," (Pet. at 6), he has not alleged or showed that any medical professional has determined that surgery is required as soon as possible. The pleadings show that BOP officials have transported him to a hospital to be seen and treated, that his catheter is being changed every thirty days, that he has been given antibiotics to address any infection and pain medication to alleviate pain, and that as recently as August 12, 2015, BOP officials have approved another appointment with a urologist. Plaintiff has failed to establish that Defendants violated his Eighth Amendment rights. Plaintiff's complaint should be dismissed.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this ___ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).