NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 9 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

MELVIN WIAND,                              )
         Plaintiff,                        )
v.                                         )        No. 3:15-CV-2891-M
                                           )
EDDY MEJIA, ET AL.,                        )
         Defendants.                       )

## AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The amended findings, conclusions and recommendation of the Magistrate Judge follow:

### I.  Background

Plaintiff is a federal prisoner confined in the Federal Correctional Institution (FCI) - Seagoville in Seagoville, Texas. He filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Defendants are Warden Eddy Mejia, Health Services Administrator Ms. Hunter, Health Services Assistant Administrator Ms. Graham, URC Utilization Review Committee, Dr. W. Resto, Dr. A. Duckworth, Dr. Elfarr, Dr. McMahan, Physician Assistant Bosamma Thomas, Nurse Monica Gifford, Nurse Marquita Humphrey, Parkland Hospital (Parkland), Dallas Regional Hospital (Dallas Regional), Kaufman Hospital, and Bureau of Prisons (BOP) insurance provider Integrated Medical Solutions.

Plaintiff claims the Defendants violated his Eighth Amendment right to be free from cruel

and unusual punishment by failing to adequately treat him for a urology condition.  He seeks an

order requiring Defendants to immediately schedule him for surgery.

On November 17, 2015, the Court entered Findings, Conclusions and a Recommendation

in this case.  On December 11, 2015, Plaintiff filed objections.  The Court now enters its

Amended Findings, Conclusions and Recommendation.

## II.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed

*in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be

granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts

with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.  Discussion

**A.     28 U.S.C. § 2241**

In Plaintiff's objections, he states he filed his complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, rather than *Bivens*.  Plaintiff, however, seeks medical care.  Medical care relief is not available under § 2241.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).  The Court therefore properly construed Plaintiff's claims as arising under *Bivens*.

**B.     Voluntary Dismissal**

In his objections, Plaintiff states he seeks to voluntarily dismiss Defendants Integrated Solutions, Dr. A. Duckworth, Mr. Elfar, Dr. McMahan, Physician Assistant Bosamma Thomas, Dallas Regional Hospital, and Kaufman Hospital.  (Objs. at 6.)  These Defendants should therefore be dismissed.

**C.     Additional Defendants**

In his objections, Plaintiff seeks to add the Director of BOP, Charles Samuels, Jr. and Attorney General Loretta Lynch as Defendants.  He states these Defendants endorse the procedures naming the warden of each prison unit as the person who has the authority to approve

medical-related trips. He also claims the delay in his surgery may be budget related.

To be liable under *Bivens*, however, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983/*Bivens*. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (I) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

In this case, Plaintiff does not allege that these Defendants were personally involved in the deprivation of his rights. Plaintiff has also failed to allege or show that Defendants implemented an unconstitutional policy that resulted in a violation of his civil rights. Although Plaintiff states that an Inspector General report "makes inference to financial burdens on prison budgets," (Obj. at 4), he provides no facts to support a claim that Director Samuels or Attorney General Lynch have instituted a policy to delay his surgery for financial reasons. Any motion to add these Defendants would be futile and should be denied.

**D.     Medical Claims**

Plaintiff claims Defendants failed to adequately treat his urology condition. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429

U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff states that on August 9, 2014, prison officials transported him to Dallas Regional Hospital for an infection in his urethra. He states Dallas Regional did not have an urologist, so on August 10, 2014, he was transferred to Parkland Hospital. He was treated at Parkland and was given antibiotics and a catheter was inserted. He claims he has experienced numerous infections from the catheters and he requires immediate surgery.

In his objections, Plaintiff supplemented his claims against Nurses Gifford and Humphrey. He states Nurse Gifford refused to allow him to see a doctor and that she once threatened to put him in a segregated housing unit because he went to the medical department after a sick call. He claims Nurse Gifford and Nurse Humphrey refused to change his catheter, which caused him an infection. Plaintiff also states Nurse Humphrey refused to treat him after he passed out.

Plaintiff also supplemented his surgery claims. In response to the Court's finding that Plaintiff "has not alleged or showed that any medical professional has determined that surgery is required as soon as possible," Plaintiff states the prison medical director "supports me in my action to get surgery done as soon as possible . . ." (Objs. at 2.) He also states he is now

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

bedridden due to the delay in surgery.

Plaintiff states Warden Eddy Mejia is responsible for approving inmate medical trips

outside the prison and that his medical trips for surgery were cancelled with no explanation.

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that

Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Defendants

Gifford, Humphrey, and Warden Mejia should proceed and process should be issued as to these

Defendants.

**E.      URC Utilization Committee and Defendants Hunter and Graham**

Plaintiff states the URC Utilization Committee approved his request for a urology

appointment. He has made no other factual allegations against this Defendant. This Defendant

should be dismissed.

Although Plaintiff states Health Services Administrators Graham and Hunter failed to

provide medical treatment and interfered with his medical treatment, he cites no factual basis for

his claims against these Defendants. These Defendants should be dismissed.

**F.      Parkland Hospital**

Plaintiff names Parkland Hospital as a defendant. To hold Parkland liable, Plaintiff must

show that an "action pursuant to official municipal policy" caused his injury. *Connick v.*

*Thompson*, 563 U.S. 51, 60-61 (2011). Plaintiff must show that such a policy was the "moving

force behind the constitutional violation at issue, or that [Plaintiff's] injuries resulted from the . .

. policy." *Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). The

description of the policy or custom and its relationship to the underlying constitutional violation

cannot be conclusory; it must contain specific facts. *Id.*

In this case, Plaintiff has failed to identify any custom or policy implemented by Parkland that violated his constitutional rights or caused his injury. This Defendant should be dismissed.

### G.   Dr. Resto

Plaintiff states that when he returned to the prison from Parkland, Dr. Resto prescribed Tylenol 3 for pain, but this medicine was too strong. Plaintiff states he was then prescribed Oxycodine and "that worked good." (Pet. Mem. at 1.) He also states that after Physician Assistant Bosamma Thomas refused to treat him for a skin infection, Dr. Resto instructed her to treat him. Plaintiff has failed to show that Dr. Resto was deliberately indifferent to his medical needs. Plaintiff's claims against this Defendant should be dismissed.

## RECOMMENDATION

The Court recommends that: (1) Defendants Integrated Solutions, Dr. A. Duckworth, Mr. Elfar, Dr. McMahan, Physician Assistant Bosamma Thomas, Dallas Regional Hospital, Kaufman Hospital, Parkland Hospital, URC Utilization Committee, Dr. Resto, and Health Services Administrators Graham and Hunter be dismissed; (2) Defendants Nurse Gifford, Nurse Humphrey, and Warden Meija proceed and process be issued as to these Defendants; and (3) Plaintiff's motion to add Director Charles Samuels, Jr., and Attorney General Loretta Lynch as Defendants be denied.

Signed this 19 day of January , 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -7-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).