

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:15-CV-2891-M (BF) |
| EDDY MEJIA, et al., | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to United States Magistrate Judge Paul D. Stickney. Before the Court is Partial Motion to Dismiss [ECF No. 51] filed by Eddy Mejia, Monica Gifford, and Marquita Humphrey ("Individual Defendants"). No response has been filed and the time to do so has passed. Upon consideration, the undersigned respectfully recommends that the District Court **GRANT in part** the Partial Motion to Dismiss [ECF No. 51].

## BACKGROUND

Plaintiff is a federal prisoner confined in the Federal Correctional Institution (FCI) - Seagoville located in Seagoville, Texas. Plaintiff filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is proceeding *pro se* and the Court granted him leave to proceed *in forma pauperis*. Plaintiff named as defendants Warden Eddy Mejia, Health Services Administrator Ms. Hunter, Health Services Assistant Administrator Ms. Graham, URC Utilization Review Committee ("URC Utilization"), Dr. W. Resto, Dr. A. Duckworth, Dr. Elfar, Dr. McMahan, Physician Assistant Bosamma Thomas, Nurse Monica Gifford, Nurse Marquita Humphrey, Parkland Hospital ("Parkland"), Dallas Regional Hospital ("Dallas Regional"), Kaufman Hospital, Bureau of Prisons ("BOP"), and Insurance Provider Integrated Medical Solutions ("Integrated Solutions").

Plaintiff alleged in his complaint that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to adequately treat him for a urology condition. Plaintiff sought an order requiring the defendants to immediately schedule him for surgery. On November 17, 2015 the undersigned entered Findings, Conclusions, and Recommendation recommending that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). On December 11, 2015, Plaintiff filed objections stating that he filed his complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241"), rather than under *Bivens*. However, because medical care relief is not available under Section 2241, Plaintiff's claims were properly construed as arising under *Bivens*. In his objections, Plaintiff stated that he sought to voluntarily dismiss Integrated Solutions, Dr. A. Duckworth, Dr. Elfar, Dr. McMahan, Physician Assistant Bosamma Thomas, Dallas Regional, and Kaufman Hospital. Therefore, the undersigned recommended that these defendants be dismissed in the January 19, 2016 Amended Findings, Conclusions, and Recommendation.

With respect to defendants Monica Gifford, Marquita Humphrey, and Eddy Mejia, because the undersigned was unable to determine whether Plaintiff's allegations against them were frivolous, the undersigned recommended that the case be permitted to proceed as to these defendants. With respect to defendants URC Utilization, Ms. Graham, Ms. Hunter, Parkland, and Dr. Resto, the undersigned recommended that Plaintiff's claims against them be dismissed, because Plaintiff failed to allege adequate underlying facts. The District Court accepted the undersigned's recommendation on February 11, 2016. On April 28, 2016, Plaintiff filed his Amended Complaint. On February 9, 2017, the Individual Defendants filed their Partial Motion to Dismiss seeking to dismiss Plaintiff's claims against them for lack of standing, mootness, failure to exhaust administrative remedies,

and/or failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).

## DISCUSSION

The Prisoner Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" prior to filing suit in federal court pursuant to federal law. *Romero v. Carpenter*, Civ. Action No. H-15-3017, 2017 WL 2730768, at *1 (S.D. Tex. June 26, 2017) (citing 42 U.S.C. §§ 1997e(a)-(c)). The "Supreme Court has held that exhaustion is mandatory and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Id.* at *2 (quoting *Porter*, 534 U.S. at 532). "The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of all administrative procedures before an inmate can sue in federal court." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "The PLRA's exhaustion requirement mandates 'proper exhaustion,' which demands compliance with all procedural rules." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)).

"As the Supreme Court has recognized, 'Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at *1 (citing *Porter*, 534 U.S. at 524-25). "By requiring exhaustion of administrative remedies, Congress hoped that 'corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.'" *Id.* (quoting *Porter*, 534 U.S. at 524-25). "In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies

3

the contours of the controversy." *Id.*

"Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions." *Id.* (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)). The Fifth Circuit has also explained that a prisoner is required to exhaust administrative remedies prior to seeking monetary damages for a *Bivens* claim. *See Thompson v. Houston Fed. Det. Ctr.*, 598 F. App'x 295, 296 (5th Cir. 2015) ("Proceeding *pro se*, Rodericque Thompson, federal prisoner # 59846-019, challenges the dismissal of his *Bivens* action for failure to exhaust his administrative remedies. . . . Thompson asserts he was not required to exhaust his administrative remedies because he sought relief unavailable from the administrative process (monetary damages). To the contrary, a prisoner is required to exhaust administrative remedies even when seeking such damages. . . . [D]istrict courts have no discretion to excuse a failure to exhaust[.]") (citing 28 U.S.C. § 1915A; *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Murrell v. Chandler*, 109 F. App'x 700, 700-01 (5th Cir. 2004); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012))).

Among other arguments, the Individual Defendants argue that Plaintiff's *Bivens* action for compensatory damages cannot survive, because Plaintiff wholly failed to exhaust his administrative remedies as to any claims against them. Mot. to Dismiss 10-11, ECF No. 51. The Individual Defendants point out that the BOP has a four-step administrative process for resolving prisoner complaints wherein the prisoner: (1) must attempt to informally resolve the complaint with the prison staff; (2) submit a written request for an administrative remedy with the warden; (3) appeal to the regional director; and then (4) appeal to the office of the general counsel. Mot. to Dismiss 11,

ECF No. 51 (citing 28 C.F.R. §§ 542.10, 542.13(a), 542.14(a), 542.15(a)). The Individual Defendants also point out that Plaintiff filed his petition on September 3, 2015 complaining that the BOP canceled or delayed his surgery for more than a year, and that the BOP medical staff failed to replace his catheter within 30 days, but he attached two informal grievances that were provided to the agency after he filed his lawsuit. Mot. to Dismiss 11, ECF No. 51. The Individual Defendants argue that these grievances fail to satisfy Plaintiff's mandatory obligation to exhaust his administrative remedies, because they do not relate to Plaintiff's claims of deliberate indifference, and even if Plaintiff submitted these initial request to the BOP and/or they related to his claims against the Individual Defendants, Plaintiff failed to pursue these grievances through all of the administrative levels prior to filing suit. Mot. to Dismiss 12, ECF No. 51. The Individual Defendants submit the declaration of Sonya Cole, Senior Attorney with the BOP's South Central Regional Office in Grand Prairie, Texas wherein Ms. Cole explains in detail Plaintiff's failure to exhaust. Defs.' App. 1-5, ECF No. 53-1. In addition, Plaintiff's pleadings fail to discuss any attempts that were made to utilize the BOP's administrative process prior to filing suit. *See* Pet., ECF No. 3; Am. Compl., ECF No. 22; Obj., ECF No. 9. Upon consideration of the foregoing, the undersigned recommends that the District Court dismiss without prejudice Plaintiff's claims against the Individual Defendants for failure to exhaust administrative remedies. *See Romero*, 2017 WL 2730768, at *1 ("Plaintiff's claims are dismissed without prejudice for failure to exhaust available administrative remedies.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT in part**[1] the Individual Defendants' Motion to Dismiss [ECF No. 51] and dismiss without prejudice Plaintiff's claims against the Individual Defendants.

SO RECOMMENDED, this 8 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

1. The Individual Defendants ask the Court to dismiss Plaintiff's case with prejudice. *See* Mot. to Dismiss 23, ECF No. 51.