IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WIAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-2891-M (BT) |
| | § | |
| EDDY MEJIA, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 30, 2017, the District Court entered two Orders Accepting Findings, Conclusions, and Recommendations (the "Recommendations") of the United States Magistrate Judge, which recommended granting separate motions to dismiss all the claims brought by Plaintiff Melvin Wiand against the Defendants in this action, for failure to exhaust administrative remedies. On the same day, the District Court entered a Judgment dismissing this case without prejudice. Almost four months later, on December 28, 2017, Plaintiff filed a "Motion to Reopen and Consideration for Response to Magistrate [Judge]'s Findings, Conclusions and Recommendation Due to Excusable Neglect and Procedural Due Process Rights." *See* Mot. to Reopen [ECF No. 73]. For the following reasons, the District Court should DENY Plaintiff's Motion to Reopen.

As grounds for his Motion, Plaintiff contends he was denied an opportunity to object to the Recommendations, which were both entered on August 8, 2017

1

[ECF Nos. 64 & 65], because he never received copies of the Recommendations. Plaintiff states that he moved several times in August 2017, and did not have a permanent address where he could receive mail. He also states that he was hospitalized during the month of August 2017. *See* Mot. to Reopen 2-3. Plaintiff further argues that his Probation Officer prevented him from accessing online legal research materials, which he needs to prepare a response to the Recommendations. *See* Mot. to Reopen 3.[1]

In response, Defendants argue that Plaintiff's Motion should be denied, because he failed to show the excusable neglect necessary to set aside the Judgment under Fed. R. Civ. P. 60. *See* Resp. 1 [ECF No. 77]. Defendants argue the record shows that Plaintiff: (1) failed to respond to two separate motions to dismiss; (2) failed to inform the Court of his address change; (3) failed to monitor the status of his case; and (4) was not incapacitated. *See* Resp. 1. Defendants also submit the Declaration of Plaintiff's Probation Officer, wherein the Probation Officer states that Plaintiff had access to a telephone with internet connection that was not monitored by the U.S. Probation Office, between August and November of 2017, and that Plaintiff used that telephone to view pictures of naked children in violation of the terms of his supervised release. *See* Defs.' App. 3 [ECF No. 78-1] & 14-15 [ECF No. 78-2]. Defendants also submit the Declaration of the Probation Officer who supervised Plaintiff from August 3, 2017 through

---

[1] The Court has denied Plaintiff's request for the Court to order his Probation Officer to give him access to online research legal materials by separate order.

October 26, 2017, wherein the Probation Officer disputes Plaintiff's claim that he was "bedridden and in convalescence from his gallbladder surgery," and states that Plaintiff was able to climb stairs, walk to a bus stop and a convenience store, and take public transportation to sex offender classes during the time she supervised him. *See* Defs.' App. 17 [ECF No. 78-3].

Plaintiff reiterates in his reply that he never received either of the Recommendations. *See* Reply 5 [ECF No. 81]. Plaintiff also states that he attended some of his sex offender classes, but that he missed group sessions on October 18th and October 25th due to illness. *See* Reply 7-8. Plaintiff states that after he attended the classes, he was bedridden for at least 3 days afterwards, and that he only frequented close-by establishments to obtain food. *See* Reply 8. Plaintiff further argues that Defendants are not qualified to give medical opinions on Plaintiff's physical condition. *See* Reply 8-9. Plaintiff also reiterates his argument that he should be given access to online research materials. *See* Reply 10. Plaintiff contends that his Motion to Reopen should be granted, because he has demonstrated excusable neglect under Fed. R. Civ. P. 60(b)(1). *See* Reply 10.

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

3

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. PROC. 60(b)(1)-(6). "Th[e] [Fifth] [C]ircuit has stated: [t]ypically, '[m]otions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.'" *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). "Under this standard, '[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion.'" *Pettle v. Bickham*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Eskenazi*, 635 F.2d at 402). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (quoting *Fenner*, 136 F.3d at 1007; *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)) (internal quotation marks and alterations omitted).

Upon consideration, the Court finds that Plaintiff has not shown he is entitled to the relief requested. Specifically, as Defendants argue, the record demonstrates that Plaintiff had the ability to monitor the status of his case during the relevant time period, but he failed to do so. Plaintiff did not timely file objections to the Recommendations; nor did he timely file any response to the two Motions to Dismiss, filed in February and April of 2017, which the

4

Recommendations recommended granting. Furthermore, the Court notes that Plaintiff does not make any argument that his claims are not subject to dismissal for failure to exhaust administrative remedies. Therefore, the District Court should not exercise its discretion to grant Plaintiff relief under Fed. R. Civ. P. 60(b), and should DENY Plaintiff's Motion to Reopen Case [ECF No. 73].

SO RECOMMENDED.

April 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

5